UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH BARBATO,<br><br>          Plaintiff,<br><br>– against –<br><br>AMERICAN EXPRESS NATIONAL BANK,<br><br>          Defendant. | Case No. 1:25-cv-03173<br><br>**NOTICE OF REMOVAL OF DEFENDANT AMERICAN EXPRESS NATIONAL BANK** |

  Defendant American Express National Bank ("American Express") hereby removes the above-captioned action pending in the Supreme Court, Rockland County (Index No. 031699/2025) (the "Action"), to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and as grounds for removal states as follows:

  The Summons filed in the Action in the Supreme Court, Rockland County is attached hereto as **Exhibit A**. *See* 28 U.S.C. 1446(a).

  The docket for the Action is attached hereto as **Exhibit B**.

  The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by American Express pursuant to 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "An action may 'arise under' a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law." *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (1986) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust*, 463 U.S. 1, 9 (1983)). Stated differently, claims "arise under" federal law when a "well-pleaded

complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (quoting Franchise Tax Bd., 463 U.S. at 13, 27–28) (internal quotation marks and citations omitted). Here, plaintiff Joseph Barbato ("Plaintiff") alleges a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 ("FCRA"), a claim that is created by, and arises under, federal law. *See, e.g.*, Exhibit A at pg. 2 (asserting a claim against American Express under the FCRA).

This Notice of Removal is timely filed because it is not being filed more than thirty days after service. *See* 28 U.S.C. § 1446(b). The Summons was filed on March 17, 2025, and service on American Express was deemed complete on March 19, 2025. The Proof of Service of the Summons is attached hereto as **Exhibit C**. Thus, removal is timely because American Express is filing this Notice of Removal within thirty days of service of the Complaint.

Venue is proper in this Court and division because the United States District Court for the Southern District of New York is the "district and division within which [the state] action is pending." *Id*. § 1446(a).

American Express will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Rockland, in accordance with 28 U.S.C. § 1446. American Express will serve all properly joined parties with copies of this Notice of Removal and the Notice filed in state court.

WHEREFORE, American Express hereby removes the Action from the Supreme Court of the State of New York, County of Rockland, on this 16th day of April 2025.

| | |
|---|---|
| Dated: New York, New York<br>April 16, 2025 | STEPTOE LLP<br><br>By:   */s/ Brian Kim*<br>      Brian Kim<br>      1114 Avenue of the Americas<br>      New York, NY 10036<br>      Tel: (212) 378-7593<br>      Email: bkim@steptoe.com<br><br>      *Attorneys for Defendant*<br>      *American Express National Bank* |

3

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2025 a copy of the foregoing **NOTICE OF REMOVAL OF DEFENDANT AMERICAN EXPRESS NATIONAL BANK** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

*/s/ Brian Kim*
Brian Kim